UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| GLOBAL GARMENTS, LLP,<br><br>          Plaintiff,<br><br>     v.<br><br>JORDACHE ENTERPRISES, INC., ET AL.<br>          Defendants. | SA CV 08-266 AHS (MLGx)<br><br>ORDER TO SHOW CAUSE REGARDING REMAND FOR LACK OF SUBJECT MATTER JURISDICTION RETURNABLE MARCH 28, 2008 |

The complaint in this action was filed on March 4, 2008. Plaintiff attempts to establish jurisdiction on diversity of citizenship grounds. However, plaintiff has not alleged facts sufficient to show that complete diversity exists in this action.

To establish the citizenship of a non-corporate entity, a plaintiff must allege the citizenship of each of the partners or members of that entity. See C.T. Carden v. Arkoma Associates, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) (applying rule to limited partnership); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (applying rule to limited liability company); Mudge Rose Guthrie Alexander & Ferndon v. Pickett, 11 F. Supp. 2d 449, 451-52

1  (S.D.N.Y. 1998) (applying rule to limited liability partnership);
2  <u>Reisman v. KPMG Peat Marwick LLP</u>, 965 F. Supp. 165, 176 (D. Mass.
3  1997) (same).  Here, plaintiff alleges that it is a "California
4  Professional Corporation" with its principal place of business in
5  California.  Compl. ¶ 1.  However, the use of "LTD" in
6  plaintiff's business name suggests it is a limited liability
7  partnership rather than a corporation.  Having failed to
8  sufficiently allege plaintiff's status as a corporation or allege
9  the citizenship of each partner, the Court cannot determine
10 whether the parties are in fact completely diverse.

11         The Court therefore orders plaintiff to show cause in
12 writing not later than March 28, 2008 why the Court should not
13 dismiss this action for lack of subject matter jurisdiction.  If
14 plaintiff agrees that jurisdiction has not properly been pled,
15 plaintiff may file and serve an amended complaint setting forth
16 sufficient allegations not later than March 28, 2008.  No oral
17 argument on this matter will be heard unless otherwise ordered by
18 the Court.

19         IT IS SO ORDERED.

20         IT IS FURTHER ORDERED that the clerk shall serve a copy
21 of this Order on counsel for all parties in this action.

22         DATED: March <u>17</u>, 2008.

                                    *ALICEMARIE H. STOTLER*
                                    _____
                                      ALICEMARIE H. STOTLER
                                      CHIEF U.S. DISTRICT JUDGE